1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**E-Filed 6/25/2007**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| TAMIKO CARILLO,<br><br>                    Plaintiff,<br><br>          v.<br><br>NATIONWIDE MUTUAL FIRE INSURANCE<br>COMPANY, et al.,<br><br>                    Defendants. | Case Number C 07-1979 JF<br><br>ORDER[1] GRANTING MOTION TO<br>DISMISS PLAINTIFF'S FOURTH<br>CLAIM WITHOUT LEAVE TO<br>AMEND AND GRANTING MOTION<br>TO STRIKE WITH LEAVE TO<br>AMEND<br><br>[re: docket nos. 7, 8] |

**I.  BACKGROUND**

On January 3, 2007, Plaintiff Tamiko Carillo filed the initial and operative complaint in

this action ("the Complaint") in the Santa Clara Superior Court, naming as defendants

Nationwide Mutual Fire Insurance Company ("Nationwide Fire"), Nationwide Mutual Insurance

Company, and Allied Insurance (collectively, "the Insurance Defendants").[2]  The Complaint

---

[1] This disposition is not designated for publication and may not be cited.

[2] The Complaint also includes as defendants Does 1 through 100.

1    asserts four claims:[3] (1) breach of contract; (2) for recovery under Cal. Ins. Code. § 11580; (3)

2    breach of the implied covenant of good faith and fair dealing; and (4) negligence.

3           Plaintiff alleges the following in the Complaint: In May 2002, Plaintiff sued Catherine M.

4    Casey ("Casey") and/or Principle Psychology, Inc. and/or Mansheim & Casey and Kristen

5    Mansheim ("the Underlying Defendants") in the action *Doe v. Mansheim, et al.*, Santa Clara

6    Superior Court, Case No. 1-03-CV817594 ("the Underlying Action").  Complaint ¶ 6.  The

7    Insurance Defendants issued policies of insurance that provided coverage for all or some of the

8    Underlying Defendants.  *Id.*  The Underlying Defendants tendered the defense of the Underlying

9    Action to Insurance Defendants.  Complaint ¶ 7.  The Insurance Defendants wrongfully refused

10   and/or failed to defend or indemnify them for any claims asserted therein even though coverage

11   and/or the potential for coverage existed for the claims asserted in the Underlying Action.  *Id.*[4]

12   As a consequence of this refusal and/or failure, the Underlying Defendants had no ability to

13   mount a defense.  Complaint ¶ 8.  The Underlying Defendants proceeded to trial, resulting in

14   entry of judgment against the Underlying Defendants and in favor of Plaintiff in the amount of

15   $1,423,800 plus interest, costs, and attorney's fees ("the Judgment").[5]  Complaint ¶ 8(a).  Casey

16   assigned Plaintiff all of the rights, claims, and potential causes of actions that she obtained and/or

17   possessed as a result of the Insurance Defendants' failure to provide a defense and/or indemnity

18   in the Underlying Action.  Complaint ¶ 8(b).  As consideration for this assignment, Plaintiff

19   provided Casey with a covenant to limit execution of the Judgment against Casey's assets.

20   Complaint ¶ 8(c).

21          On April 9, 2007, Nationwide Fire removed the action to this Court, asserting diversity

22

23          [3]  Each claim is asserted against the Insurance Defendants.  The number of Does named
24   varies by claim.

25          [4]  The position of the Insurance Defendants appears to be that the torts at issue in the
     Underlying Action arose from the "insured's business pursuits" and thus were subject to an
26   exclusion from coverage under the condominium policy at issue.  *See* Motion to Dismiss 3.

27          [5]  Nationwide Fire's request for judicial notice of the record of trial proceedings from the
     Underlying Action will be granted.
28

Case No. C 07-1979 JF
ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S FOURTH CLAIM WITHOUT LEAVE TO AMEND
AND GRANTING MOTION TO STRIKE WITH LEAVE TO AMEND
(JFLC1)

1    jurisdiction.[6]  On April 16, 2006, Nationwide Fire moved to dismiss the negligence cause of

2    action on the basis that simple negligence is not a theory of recovery available to insureds against

3    their insurers ("Motion to Dismiss").  On the same date, Nationwide Fire moved to strike

4    portions of the Complaint pertaining to damages for emotional distress and punitive damages on

5    the bases that those claims cannot be assigned and that Plaintiff does not have her own right to

6    recovery ("Motion to Strike").  Plaintiff opposes both motions.  The Court heard oral argument

7    on June 15, 2007.

8                                       **II.  LEGAL STANDARD**

9            For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the

10   Court must construe the complaint in the light most favorable to the plaintiff.  *Jenkins v.*

11   *McKeithen*, 395 U.S. 411, 421 (1969).  Leave to amend must be granted unless it is clear that the

12   complaint's deficiencies cannot be cured by amendment.  *Lucas v. Department of Corrections*,

13   66 F.3d 245, 248 (9th Cir. 1995).  When amendment would be futile, however, dismissal may be

14   ordered with prejudice.  *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

15          The Court may strike "from any pleading any insufficient defense or any redundant,

16   immaterial, impertinent, or scandalous matter."  Fed.R.Civ.P. 12(f).  Motions to strike generally

17   will not be granted unless it is clear that the matter to be stricken could not have any possible

18   bearing on the subject matter of the litigation.  *LeDuc v. Kentucky Central Life Insurance Co.*,

19   814 F.Supp. 820, 830 (N.D. Cal. 1992).  Allegations "supplying background or historical

20   material or other matter of an evidentiary nature will not be stricken unless unduly prejudicial to

21   defendant."  *Id*.  Moreover, allegations that contribute to a full understanding of the complaint as

22   a whole need not be stricken.  *Id*.

23                                        **III.  DISCUSSION**

24   1.      Motion to Dismiss

25          Plaintiff alleges that the Insurance Defendants "failed to exercise reasonable care and skill

26   with regard to the activities which they performed."  Complaint ¶ 32.  "That negligence included

27   _____

28          [6]  At the time of removal, only Nationwide Fire had been served.  Notice of Removal ¶ 6.

Case No. C 07-1979 JF
ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S FOURTH CLAIM WITHOUT LEAVE TO AMEND
AND GRANTING MOTION TO STRIKE WITH LEAVE TO AMEND
(JFLC1)

improper handling of the claim for coverage." *Id.* Nationwide Fire argues that this is no more than a repackaging of the breach of contract claim in an effort to recover tort damages, even though negligence is not among the theories of recovery generally available against insurers. Plaintiff responds that its claim against Nationwide Fire is based upon respondeat superior and vicarious liability and that the claim seeks to hold only Nationwide Mutual Insurance Company and Allied Insurance liable for negligent claims handling. *See* Complaint ¶ 31. However, for liability to attach to Nationwide Fire under a respondeat superior or vicarious liability theory, an underlying tort must exist. *See Lisa M. v. Henry Mayo Newhall Memorial Hospital*, 12 Cal.4th 291, 296-97 (1995) (explaining that "[t]he rule of respondeat superior is familiar and simply stated: an employer is vicariously liable for the torts of its employees committed within the scope of the employment."). Because Plaintiff fails to rebut Nationwide Fire's arguments that a negligence action is not available against an insurer, *see e.g. Sanchez v. Lindsey Morden Claims Services, Inc.*, 72 Cal.App.4th 249, 254 (Cal.Ct.App. 1995) (stating that "negligence is not among the theories of recovery generally available against insurers"); *accord Tento International Inc. v. State Farm Fire and Casualty Co.*, 222 F.3d 660, 664 (9th Cir. 2000) (citing *Sanchez*), and because Plaintiff alleges that Nationwide Mutual Insurance Company and Allied Insurance were negligent in the handling of insurance claims, Plaintiff fails to allege an underlying tort.[7] Accordingly, the allegations are insufficient to hold Nationwide Fire liable on a vicarious liability or respondeat superior theory and the claim will be dismissed. At oral argument, counsel for Plaintiff did not identify any additional facts that would allow Plaintiff to state an underlying claim for negligence and thus impose vicarious liability upon Nationwide Fire. Accordingly,

---

[7] The cases that counsel for Plaintiff provided to the Court at oral argument do not support a contrary conclusion. *Leming v. Oilfields Trucking Co.*, 44 Cal. 2d 343, 350 (1955) holds only that one party's negligence may be imputed to a joint-venturer. That case does not relieve Plaintiff of identifying the underlying actionable negligence. Nor does *Forest v. Equitable Life Assurance Soc.*, 2d, 2001 WL 1338809 (N.D.Cal. June 12, 2001) (unpublished) support Plaintiff's argument. The court in that case apparently found that an underlying negligence claim existed. *See id.* at * 1, 9. Even if that decision were binding authority, which it is not, it does not provide a basis on which to conclude that an underlying negligence claim exists in this action.

4

1    leave to amend this claim will not be granted.

2    2.    Motion to Strike

3         Nationwide Fire moves to strike Plaintiff's claims for recovery of damages for emotional

4    distress and punitive damages on the bases that any claims for emotional distress and punitive

5    damages are personal to the insured and cannot be assigned, and that Plaintiff does not have an

6    independent right to recovery.  Plaintiff concedes that recovery for emotional distress and

7    punitive damages is not possible pursuant to the assignment.  Opposition to Motion to Strike 1.

8    Accordingly, the Motion to Strike will be granted as to any such allegations.  *See e.g.* Complaint

9    ¶ 24.

10        Plaintiff also argues that she may recover in her own right because she is an intended

11   third party beneficiary of the insurance contract now that she has obtained a judgment.  *Id.* at 1-2.

12   She argues that she is entitled to recover such damages pursuant to her bad faith cause of action

13   because the carrier owes her a duty to treat her fairly.  *Id.* at 2.  Nationwide Fire asserts correctly

14   that Plaintiff has no independent right to recovery for behavior that occurred *before* entry of the

15   Judgment.  Reply Re Motion to Strike 3.  However, Plaintiff states in opposition that she seeks to

16   recover only for conduct *after* entry of the Judgment.  Opposition to Motion to Strike 3

17   ("[Plaintiff] alleged that she is entitled to sue for breach of the implied covenant for the

18   defendant's failures to act properly after the judgment.").  If so limited, this claim may fall within

19   the scope of *Hand v. Farmers Insurance Exchange*, 23 Cal. App. 4th 1847 (1994) (holding that a

20   judgment creditor can state a claim for breach of the covenant of fair dealing by alleging post-

21   judgment misconduct).  However, as presently framed, the third claim is not limited to conduct

22   after entry of judgment.  *See e.g.* Complaint ¶ 24 ("[Plaintiff] is entitled to sue for breach of the

23   implied covenant of good faith and fair dealing arising out of defendants' actions *including* their

24   actions and/or failures to act after the Judgment.") (emphasis added); Complaint ¶ 25 (describing

25   prejudgment and postjudgment conduct by defendants).  Accordingly, the Court concludes that

26   the motion should be granted with leave to amend so that Plaintiff may attempt to plead the claim

27   within the bounds established by *Hand* and other relevant case law.

28

Case No. C 07-1979 JF
ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S FOURTH CLAIM WITHOUT LEAVE TO AMEND
AND GRANTING MOTION TO STRIKE WITH LEAVE TO AMEND
(JFLC1)

1

**IV.  ORDER**

2      Good cause therefor appearing, IT IS HEREBY ORDERED that the Motion to Dismiss

3  Plaintiff's fourth claim is GRANTED without leave to amend and the Motion to Strike is

4  GRANTED with leave to amend.  Any amended complaint shall be filed within thirty (30) days

5  of the date of this order.

6

7  DATED: June 25, 2007

8                                        _____

9                                        JEREMY FOGEL
                                         United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

This Order has been served upon the following persons:

Anna Atanassova Chopova          achopova@rwblaw.com, pryan@rwblaw.com

Wesley Martin Lowe               wlowe@sbcglobal.net, lvillegas1@sbcglobal.net

Edward Gerard Mannion            gmannion@sbcglobal.net, vickiaxeman@sbcglobal.net

Edward P. Murphy                 emurphy@rwblaw.com, smizuhara@rwblaw.com

G. Edward Rudloff , Jr            erudloff@rwblaw.com, bparker@rwblaw.com

7