**E-Filed 11/20/2007**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TAMIKO CARILLO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, NATIONWIDE MUTUAL INSURANCE COMPANY, and ALLIED INSURANCE,<br><br>　　　　　　Defendants. | Case Number C 07-1979 JF (HRL)<br><br>ORDER[1] GRANTING MOTION TO STRIKE<br><br>[re: docket no. 32] |

## I.  BACKGROUND

On January 3, 2007, Plaintiff Tamiko Carillo ("Plaintiff") filed a complaint ("the Complaint") in the Santa Clara Superior Court against Nationwide Mutual Fire Insurance Company ("Nationwide Fire"), Nationwide Mutual Insurance Company, and Allied Insurance (collectively, "the Insurance Defendants") and Does 1 through 100. The Complaint asserts four claims for relief: (1) breach of contract; (2) recovery under Cal. Ins. Code. § 11580; (3) breach of the implied covenant of good faith and fair dealing; and (4) negligence.

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 07-1979 JF
ORDER DENYING MOTION TO STRIKE
(JFLC1)

On April 9, 2007, Nationwide Fire removed the action to this Court, asserting diversity jurisdiction. On April 16, 2006, Nationwide Fire moved to dismiss the negligence claim on the basis that simple negligence is not a theory of recovery available to insureds against their insurers.  On the same date, Nationwide Fire moved to strike portions of the Complaint pertaining to damages for emotional distress and punitive damages because the claims giving rise to such damages cannot be assigned, and Plaintiff does not have an independent right to recovery.  Plaintiff opposed both motions.  The Court heard oral argument on June 15, 2007. On June 25, 2007, the Court: (1) granted, without leave to amend, the motion to dismiss the negligence claim; (2) granted the motion to strike to the extent that the Complaint sought damages for emotional distress and punitive damages; and (3) granted, with leave to amend, the motion to strike to the extent that the Complaint asserted that Plaintiff could recover in her own right for breach of the implied covenant of good faith and fair dealing.  The Court granted the motion to strike with respect to the breach of the implied covenant because Plaintiff's claim was not limited to post-judgment conduct as required by *Hand v. Farmer's Insurance Exchange*, 23 Cal. App. 4th 1847 (Cal. Ct. Of App. 2d Dist. 1994).

On July 25, 2007, Plaintiff filed the operative First Amended Complaint, which alleges the following.  In May 2002, Plaintiff sued Catherine M. Casey ("Casey") and/or Principle Psychology, Inc. and/or Mansheim & Casey and Kristen Mansheim ("the Underlying Defendants") in an action entitled *Doe v. Mansheim*, Santa Clara Superior Court Case No. 1-03-CV817594 ("the Underlying Action").  The Insurance Defendants provided insurance coverage for all or some of the Underlying Defendants.  However, when the Underlying Defendants tendered the defense of the Underlying Action to Insurance Defendants, the Insurance Defendants wrongfully refused and/or failed to defend or indemnify them for any claims asserted therein even though coverage and/or the potential for coverage existed for the claims asserted in the Underlying Action.  As a consequence of this refusal and/or failure, the Underlying Defendants had no ability to mount a defense.  The Underlying Defendants proceeded to trial, which resulted in entry of judgment against the Underlying Defendants and in favor of Plaintiff in the amount of $1,423,800 plus interest, costs, and attorney's fees ("the Judgment").  Casey

assigned to Plaintiff all of the rights and potential claims that Casey obtained and/or possessed as a result of the Insurance Defendants' failure to provide a defense and/or indemnity in the Underlying Action.  In consideration for this assignment, Plaintiff provided Casey with a covenant to limit execution of the Judgment against Casey's assets.  The Insurance Defendants have not paid Plaintiff the Judgment that Plaintiff alleges is owed.

On August 13, 2007, Nationwide Insurance again moved to strike Plaintiff's claim against the Insurance Defendants in her own right for breach of the implied covenant of good faith and fair dealing.  Plaintiff opposes the motion.  On September 28, 2007, the Court heard oral argument.

## II.  LEGAL STANDARD

The Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ. P. 12(f).  Motions to strike generally will not be granted unless it is clear that the matter to be stricken could not have any possible bearing on the subject matter of the litigation.  *LeDuc v. Kentucky Central Life Insurance Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992).  Allegations  "supplying background or historical material or other matter of an evidentiary nature will not be stricken unless unduly prejudicial to defendant." *Id*.  Moreover, allegations that contribute to a full understanding of the complaint as a whole need not be stricken.  *Id*.

## III.  DISCUSSION

An insurer does not owe duties to a third party involved in a dispute with one of its insured.  *See, e.g.*, *Jane D. v. Ordinary Mutual*, 38 Cal. Reptr. 2d 131 (Cal. App. Ct. 3d Dist. 1995).  However, plaintiffs who prevail over an insured defendant obtain certain rights that did not belong to them prior to judgment, including a right of action against the insurer to recover the judgment.  Cal. Ins. Code § 1180(b)(2).  Post-judgment, the insurer owes the plaintiff a duty of good faith:

> *[O]nce having secured a final judgment* for damages, the plaintiff becomes a third party beneficiary of the policy, entitled to recover on the judgment of the policy.

3

Case No. C 07-1979 JF
ORDER DENYING MOTION TO STRIKE
(JFlC1)

> *At that point* the insurer's duty runs contractually to the plaintiff as well as the insured. And the plaintiff having also become a beneficiary of the covenant of good faith, the duty to exercise good faith in not withholding adjudicated damages necessarily is owing to the plaintiff also.

*Hand v. Farmers Ins. Exch.*, 23 Cal App. 4th 1847, 1858 (Cal. Ct. App. 2d Dist. 1994) (emphasis added); *see also Hughes v. Mid-Century Ins. Co.*, 38 Cal. App. 4th 1176, 1184 (Cal Ct. App. 4th Dist. 1995). Under California law, insurers have a direct duty to make payments to judgment creditors and may be held accountable for any *post-judgment* breaches of good faith. Here, although, Plaintiff alleges that Defendants have breached their duty, the only *post-judgment* behavior she alleges is Defendants' failure to pay the judgment. Thus, the viability of Plaintiff's claim turns on the narrow question of whether failure to pay a judgment creditor may constitute bad faith.[2]

"[T]he key to a bad faith claim is whether denial of a claim was reasonable." *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 669 (9th Cir. 2003). Before it can be said that an insurer has acted in bad faith towards a judgment creditor underlying payment of a judgment, a plaintiff must demonstrate that the insurer acted *unreasonably, without proper cause*. *Hughes v. Mid-Century Ins. .Co.*, 38 Cal. App. 4th 1176, 1183 (Cal. Ct. App. 4th Dist. 1995); *Hand*, 23 Cal. App. 4th at 1847; *see also Anderson v. Allstate Ins.* Co., 45 Fed. Appx. 754, 758 (9th Cir. 2002) (analyzing the insurer's first-party duty to the insured); *Jordan v. Allstate Ins. Co.*, 148 Cal. App. 4th 1062, 1072 (Cal. Ct. App. 2007) (analyzing the insurer's first-party duty to the insured). In the context of the insurer's first-party duty to make payments to an insured, one California court has offered the following description of "unreasonable" behavior constituting bad faith:

> For the insurer to fulfill its obligation not to impair the right of the insured to receive the benefits of the agreement, *it . . . must give at least as much consideration to the latter's interest as it does to its own*. The Supreme Court has further explained, 'an insurer cannot reasonably and in good faith deny payments to its insured without *fully investigating* the grounds for its denial.' When an insurer withholds benefits for the proper cause, however, there is no breach of the implied covenant.

---

[2] Plaintiff also argues that Defendants' refusal to defend the Underlying Defendants constitutes bad faith. First Amended Compliant at 5. However, as the Court noted in its prior order and as discussed above, Defendants' duty of good faith to Plaintiff arises only *after judgment*.

4

Case No. C 07-1979 JF
ORDER DENYING MOTION TO STRIKE
(JFlC1)

*Benavides v. State Farm Gen. Ins. Co.*, 136 Cal. App. 4th 1241, 1249-50 (Cal. App. Ct. 2d Dist. 2006) (internal citations omitted).  Further, "[i]f a genuine dispute as to coverage existed at the time the benefit was denied then the court may conclude as a matter of law the insurer did not act unreasonably." *Provident Life & Accident Ins. Co. v. Brenner*, 41 Fed. Appx. 54, 56 (9th Cir. 2002).

Plaintiff argues that Defendants' failure to pay the judgment was unreasonable for the following reasons:

- Defendants knew there was a possibility of coverage and that they had an obligation to defend [the insured] in the underlying action.

- Judgment was entered against defendants' insured.

- Defendants knew of the judgment after it was final

- The complaint was served on defendants, which qualifies it as a notice of the claim and a demand for payment.  Defendants have therefore known for 'many months' after that demand that they were and are obligated to pay the judgment.[3]

- Defendants have refused to pay, and, therefore, knowingly withheld benefits without proper cause for many months.

Plaintiff's Opposition to Motion to Strike at 5.  Even taken at face value, these assertions do not identify any facts tending to show bad faith.  Did Defendants fail to pay as much consideration to Plaintiff's interests along with their own?   Is there an improper cause for Defendants' failure to make payment?  Can it be said that there is no genuine dispute as to Defendants' legal duty to pay Plaintiff?  In essence, Plaintiff is alleging that because Defendants knew that a judgment about the Underlying Defendants was possible and subsequently received notice that such a judgment was entered, the mere passage of time constitutes "unreasonable" behavior sufficient to support a claim of bad faith.  However, a conclusory statement that  "Defendants have refused to pay, and, therefore knowingly withheld proper benefits without cause for months," does not

---

[3] The parties dispute whether service of the Compliant constitutes notice, and consequently, the date that demand was made.  Because the Court's decision here does not turn on the amount of time that has passed between notice and Defendant's appearance in this case the Court does not reach the question of when demand was made.

5

Case No. C 07-1979 JF
ORDER DENYING MOTION TO STRIKE
(JFlC1)

1  constitute an adequate allegation of bad faith.[4]

2      Because the deficiency in Plaintiff's pleading has been addressed by the Court previously, and because despite explicit direction Plaintiff has been unable to amend her complainant to allege actionable post-judgment conduct by the Moving Defendant, the Court concludes that further leave to amend as to this issue would serve no useful purpose.

---

[4] The First Amended Complaint, which states together the claim for a breach of the implied covenant of fair dealing in two capacities: (1) by virtue of assignment; and (2) on Plaintiff's own behalf, contains additional allegations:

> The conduct for which plaintiff seeks to recover the damages she is asserting in her own right as an intended beneficiary includes, but is not limited to, refusing to pay any portion of the Judgment even though Insurance Defendants know that they are obligated to pay all or some of the Judgment, because they unreasonably failed to defend Underlying defendants in the *Doe v. Mansheim* action even though they knew there was a possibility of coverage from both the allegations of the complaint and/or the facts known or available to them which obligated a defense be provided. Underlying Defendants were unable to afford to mount a fully defense, and so plaintiff was able to obtain a valid, enforceable final Judgment after the hearing before a Santa Clara County Superior Judge, which involved the presentation of evidence, and where Underlying Defendants' counsel appeared on their behalf. Insurance Defendants knew or should have known from experience, and/or the legal advice provided by counsel . . . that they were obligated to pay all, or some of the Judgment, but have refused to do so. In addition, Insurance Defendants know they received a proper tender of the defense, partially investigated and received information that requires a defense be provided, but denied a defense anyway. They abandoned the Underlying Defendants. Insurance Defendants know and/or believe they are obligated to pay all or some of the Judgment for these reasons as well.

First Amended Complaint at ¶ 25. As discussed above the pre-judgment behavior of the Underlying Defendants is irrelevant to the question at hand. Furthermore, to the extent that Plaintiff does not mention these allegations in her opposition papers, and in fact states that "Defendant's motion to strike confuses allegations regarding the bad faith claim plaintiff holds by assignment . . . with those regarding plaintiff's personal claim," the Court assumes that Plaintiff did not intend the allegations regarding Defendants' pre-judgment conduct to support her personal claim.

6

Case No. C 07-1979 JF
ORDER DENYING MOTION TO STRIKE
(JFlC1)

## IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to strike is GRANTED without leave to amend.

DATED: November 20, 2007.

_____
JEREMY FOGEL
United States District Judge

Case No. C 07-1979 JF
ORDER DENYING MOTION TO STRIKE
(JFlC1)

This Order has been served upon the following persons:

Edward Gerard Mannion        gmannion@sbcglobal.net

Demian Isaac Oksenendler     doksenendler@sbcglobal.net

Wesley martin Lowe    wlowe@sbcglobal.net

George Edward Rudloff, Jr.    Erudloff@rwblaw.com

Anna Atanassova Chopova       achopova@rwblaw.com

Edward P. Murphy      emurphy@rwblaw.com