1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10                               SAN JOSE DIVISION

11

12   TAMIKO CARRILLO,                    )      Case No.: C 07-1979 JF (PVT)
                                         )
13                  Plaintiff,           )      **ORDER DENYING PLAINTIFF'S**
                                         )      **MOTION TO QUASH DEPOSITION**
14          v.                           )      **SUBPOENAS TO DR. BRUCE**
                                         )      **ELIASHOF AND BARBARA**
15   NATIONWIDE MUTUAL FIRE              )      **KRZYCZKOWSKA AND/OR FOR**
     INSURANCE COMPANY, et al.,          )      **PROTECTIVE ORDER**
16                                       )
                    Defendants.          )
17   _____)

18          On September 29, 2009, the parties appeared before Magistrate Judge Patricia V. Trumbull

19   for hearing on Plaintiff's Motion to Quash Deposition Subpoenas to Dr. Bruce Eliashof and Barbara

20   Krzyczkowska and/or for Protective Order.  Based on the briefs and arguments submitted,

21          IT IS HEREBY ORDERED that Plaintiff's motion is DENIED because she has put her

22   mental and emotional condition at issue by filing this litigation.

23

24   **I.     BACKGROUND**

25          This is an insurance coverage and bad faith case in which the insured's judgment creditor and

26   assignee is suing the insurance company for breach of contract, recovery of judgment under

27   California Insurance Code section 11580, and breach of the implied covenant of good faith and fair

28   dealing.

                               ORDER, *page 1*

The Underlying Action[1] arose from the relationships between Plaintiff Tamiko Carrillo and two women she claims were her therapists, Kristen Mansheim and Catherine Casey.[2]  In the Underlying Action, Carrillo alleged that Casey and Mansheim committed negligence and malpractice by crossing boundaries, over-medicating Carrillo, failing to maintain the therapeutic container, abusing the transference phenomenon when Mansheim began a personal and sexual relationship with Carrillo, and by having Carrillo arrested and involuntarily committed to a psychiatric facility. Carrillo's state law complaint included, among other things, causes of action against both Mansheim and Casey for malpractice, general negligence and premises liability, and causes of action against Mansheim (but not Casey) for intentional infliction of emotional distress, sexual harassment, sexual battery and battery.

Casey tendered defense of the Underlying Action to Defendant, but Defendant declined. Thereafter, Casey assigned to Plaintiff any claims she had against Defendant.

Plaintiff's trial brief in the Underlying Action detailed numerous allegations of professional negligence and misconduct which occurred in the course of Mansheim's and Casey's treatment of Plaintiff, and which caused Plaintiff harm including significant psychological disorders, humiliation, mental anguish, severe emotional distress, depression and suicidal ideation.  After a 25 minute trial at which no defense was mounted, the state court announced judgment for the plaintiff and against defendant Casey.  The court awarded special damages of $723,800.00 and general damages of $700,000.00.

At issue in the present motion is whether Nationwide may depose two of Carrillo's mental health providers.

**II.    DISCUSSION**

Plaintiff argues that allowing Defendant to depose her mental health providers will

---

[1]     As used herein, the "Underlying Action" refers to *L. Doe vs. Kristen Mansheim, individually and dba Principle Psychology and Mansheim & Casey; Catherine Casey, individually and dba Principle Psychology and Mansheim & Casey; and Does 1-25*, Superior Court of the State of California in and for the County of Santa Clara, Civil Action No. 1-03-CV-817594.

[2]     See "Plaintiff's Trial Brief" in the Underlying Action, attached as Exhibit C to the Declaration of Anna A. Chopova, filed herein on March 4, 2008 (Docket No. 46) ("Chopova Declaration"), at 1:23-26.

1   impermissibly invade her privacy rights and the psychotherapist-patient privilege, and that she has

2   not waived either in connection with the present action.  The court disagrees.

3         Plaintiff waived both her privacy rights and the psychotherapist-patient privilege by putting

4   her mental and emotional condition at issue in *this* lawsuit.  *See* CAL.EVID.CODE, § 1016 (no

5   privilege as to a communication relevant to an issue concerning the mental or emotional condition of

6   the patient if such issue has been tendered by the patient); *see also, In re Lifschutz*, 2 Cal.3d 415

7   (1970) (psychotherapist must answer deposition questions about patient's mental condition where

8   patient raises the issue of the specific condition in litigation).

9         In an insurance coverage action "the initial burden of establishing harm within coverage falls

10  on the insured, not the insurer."  *See Fuller-Austin Insulation Co. v. Highlands Ins. Co.*, 135

11  Cal.App.4th 958, 1003-1004 (2006).[3]  In order to make that showing, an insured must show that the

12  damages for which she has been held liable resulted from covered causes.  *See State v. Allstate Ins.*

13  *Co.*, 45 Cal. 4th 1008, 1035 (Mar.  9, 2009).  In *State v. Allstate* the California Supreme Court

14  explained:

15          "When the insurer has promised to indemnify the insured for all 'sums
      which the Insured shall become obligated to pay ... for damages ...
16          because of' nonexcluded property damage, or similar language,
      coverage necessarily turns on whether the damages for which the
17          insured became liable resulted--*under tort law*--from covered causes."
      *Ibid.*

18

19        Here the pertinent language in The Policy[4] is similar to that in *Allstate*.  The Policy provides

20  that "We will pay damages the insured is legally obligated to pay due to an occurrence." (*See* Paige

21  Decl.,[5] Exh. B at p. 28.)  Under The Policy, the term "occurrence" means "bodily injury or property

22  damage *resulting from* an accident, including continuous or repeated exposure to the same general

23  condition.  The occurrence must be during the policy period." (*See* Paige Decl., Exh. B at p. 10

24  ────────────────

25      [3]    As the insured's assignee, that burden falls on Plaintiff.  *See In re Feature Realty Litigation*, 468 F.Supp.2d 1287, 1293-94 (E.D. Wash. 2006).

26
27      [4]    As used herein, "The Policy" refers to Policy No. 72 04 U0 150102, in effect from March 3, 2002 to March 3, 2003.  See Paige Decl., Exh. B.

28      [5]    As used herein, "Paige Decl." refers to the Declaration of Leslie Paige in Support of Nationwide Mutual Fire Insurance Company's Motion for Partial Summary Judgment, filed herein on May 4, 2009 (docket no. 77).

1  (emphasis added).)[6]

2      Plaintiff appears to be banking on using the judgment in the Underlying Action to meet all or

3  part of her burden of showing coverage.  However, it is not at all clear that she will succeed.  Aside

4  from the question of whether the judgment was obtained through fraud or collusion (*see Hogan*, 3

5  Cal.3d at 564-65), the judgment appears to be based in large part, if not in whole, on acts that are *not*

6  covered under The Policy.[7]

7      When both covered and excluded acts concur to cause injury, the insured has the burden of

8  "proving a covered act or event was a substantial cause of the injury or property damage for which

9  the insured is liable."  *See State v. Allstate*, 45 Cal. 4th at 1036.  As the insured's assignee, Plaintiff

10  must thus prove which of the acts she alleged against the insured were both: 1) covered under The

11  Policy; and 2) a substantial cause of her injuries and/or property damage for which Casey was held

12  liable.  Because the judgment in the Underlying Action did not make that determination, Plaintiff

13  must make that showing in the present action.  *See Hogan v. Midland National Ins. Co.,* 3 Cal.3d

14  553, 564-65 (1970) (insurer is not bound as to "issues not necessarily adjudicated in the prior

15  action").

16  ────────────────

17      [6]      This definition is found in the Amendatory Endorsement to The Policy.  It differs from
18  the pre-amendment definition in that it indicates the phase "continuous or repeated exposure to the same
   general condition" is a subset of the term "accident," and it expressly states that the "occurrence" must
   occur during the policy period.

19      [7]      The judgment in the Underlying Action, which was drafted by plaintiff's counsel, is
20  vague as to the specific acts upon which it premised liability, and both the complaint and trial brief in
   the Underlying Action focus almost exclusively on wrongful conduct committed in the context of
21  Mansheim's and Casey's professional (patient-therapist) relationships with Plaintiff.  The Policy
   excludes coverage for injuries that arise out of any professional liability except teaching. While there
22  is one brief allegation in the underlying complaint that Mansheim and Casey offered "classes" in Health
   Realization, there is no allegation in the underlying complaint or trial brief that Plaintiff took such
23  classes from either underlying defendant, or that any such classes caused any of her injuries.
         The claim for premises liability, as outlined in the underlying complaint and trial brief, does not
24  appear to include any "accidents" that would qualify as an "occurrence" under The Policy.  To the extent
   Casey was negligent in allowing Mansheim to engage in an improper relationship with Plaintiff at
25  Casey's home, such "antecedent negligence" only created a potential for Plaintiff's injuries, and might
   not constitute an "accident" within the meaning of The Policy. *See, e.g., Farmer v. Allstate Ins. Co.*, 311
26  F.Supp.2d 884, 892-93 (C.D. Cal. 2004) (opining, although not holding, that antecedent negligence of
   day care provider which created the potential for injury from her husband's molestation of one of the
27  children in her care was not an "accident").  Moreover, it appears the relationship began years before the
   policy period commenced.
28      And with regard to the incident in which Mansheim and/or Casey had Plaintiff arrested and
   involuntarily committed to a psychiatric facility, The Policy's exclusion for bodily injury "which is
   expected or intended by the insured" would appear to apply.

1        **III.**    CONCLUSION

2          As discussed herein, Plaintiff's case in chief requires her to prove that covered acts were a

3 substantial cause of the mental and emotional injuries she suffered. By filing an action that requires

4 that showing, Plaintiff has tendered issues regarding her mental and emotional condition, and has

5 thus waived her right of privacy and the psychotherapist-patient privilege as to those mental and

6 emotional conditions. Defendant is entitled to conduct discovery–including depositions of Plaintiff's

7 mental health providers–with regard to the mental and emotional conditions Plaintiff has put at

8 issue.[8] *See In re Lifschutz*, 2 Cal.3d at 433 ("[I]n all fairness, a patient should not be permitted to

9 establish a claim while simultaneously foreclosing inquiry into relevant matters").

10 Dated: *10/2/09*

11                           *Patricia V. Trumbull*
                               PATRICIA V. TRUMBULL
                            United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26 ─────────────────

27         [8]       The court notes that there is already a blanket protective order on file in this action. To the extent it does not sufficiently provide for Plaintiff to designate information Confidential or

28 Confidential – Attorneys' Eyes Only, the court encourages the parties to file an amended form of protective order based on the court's model form of protective order. The court's model form of order is available in the forms section of the court's website at www.cand.uscourts.gov.